IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
                                    )
Broadband iTV, Inc.,                )
                                    )
          Plaintiff,                )
                                    )
     vs.                            )   Civ. No. 14-00169 ACK-RLP
                                    )
Hawaiian Telcom, Inc., Oceanic      )
Time Warner Cable, LLC, Time        )
Warner Cable, Inc., and Time        )
Warner Entertainment Company,       )
LP,                                 )
                                    )
          Defendants.               )
                                    )
```

<u>ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INDUCING
INFRINGEMENT PURSUANT TO RULE 12(B)(6) AND TO SEVER FOR
MISJOINDER UNDER 35 U.S.C. § 299</u>

<u>PROCEDURAL BACKGROUND</u>

On April 9, 2014, Broadband iTV, Inc. ("BBiTV" or
"Plaintiff") filed a Complaint against Defendants Oceanic Time
Warner Cable, LLC, Time Warner Cable, Inc., Time Warner
Entertainment Company, LP (collectively "TWC"),[1] and Hawaiian
Telcom, Inc. ("HTI") (collectively "Defendants"). (Doc. No. 1.)

On July 9, 2014, TWC filed the instant Motion to

_____

[1]Defendant Time Warner Entertainment Company, LP ("TWE")
ceased to exist on September 30, 2012, but was previously owned,
directly or indirectly, by Defendant Time Warner Cable, Inc.
(Doc. No. 47) (Corporate Disclosure Statement.) Because TWE no
longer exists, the Court directs Plaintiff to file a Notice of
Dismissal, dismissing Defendant TWE from this action.

1

Dismiss Plaintiff's Claims for Inducing Infringement Pursuant to Federal Rule of Civil Procedure 12(b)(6) and to Sever for Misjoinder Under 35 U.S.C. § 299. (Doc. No. 46.) On August 5, 2014, HTI filed a Joinder to TWC's Motion. (Doc. No. 62.)[2/] On October 6, 2014, Plaintiff filed an Opposition to the Motion. (Doc. No. 77.) On October 14, 2014, TWC filed a Reply. (Doc. No. 82.) Also, on October 14, 2014, HTI filed a Notice of Joinder in TWC's Reply. (Doc. No. 83.)

On October 27, 2014, the Court held a hearing on the instant motion.

## FACTUAL BACKGROUND[3/]

Plaintiff develops interactive media applications and services for cable television subscribers. (Compl. ¶ 3.) Plaintiff is the assignee of U.S. Patent No. 7,631,336 ("'336 Patent") entitled "Method for Converting, Navigating and Displaying Video Content Uploaded from the Internet to a Digital TV Video-on-Demand Platform." (Id. Ex. A.)[4/] The '336 Patent

───────────────

[2/]There is no opposition to HTI's Joinder to TWC's Motion.

[3/]The facts as recited in this Order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

[4/]A copy of the '336 Patent is attached as Exhibit A to the Complaint. Exhibit A is deemed part of the complaint for purposes of the instant motion. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Outdoor Media Group, Inc. v.

(continued...)

discloses and claims various novel and unique features relating to the delivery of video-on-demand ("VOD")[5/] content through the Internet to a VOD server. (Id. ¶ 21.)

TWC is a cable television provider serving customers throughout the United States, including Hawaii. (Id. ¶ 4.) TWC provides advanced video services over almost all of its systems including digital cable, VOD, high-definition television, and digital video recorders. (Id. ¶ 7.) Through digital television and broadband infrastructure, TWC makes available VOD programming to its customers, allowing them to choose from hundreds of video titles. (Id. ¶ 8.) HTI is an Internet protocol television system operator and, like TWC, makes VOD programming available to its Hawaii customers. (Id. ¶ 9.)

Plaintiff alleges that "Defendants have been, and are, making, using, offering for sale and selling the '336 [P]atent's claimed method for converting, navigating and displaying video content in connection with their providing, selling, and offering for sale digital television services, including [VOD] services." (Id. ¶ 22.) Plaintiff also alleges that Defendants "utilize the same systems and methods in connection with their use and

_____

[4/](...continued)
City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (exhibits attached to complaint may be considered on a motion to dismiss).

[5/]The Complaint defines "video-on-demand" as the "[d]elivery of [] video content predicated upon a specific request by the user or customer." (Compl. ¶ 15.)

implementation of the accused systems and they have been, and are, utilizing the same methods and series of transactions in connection [with] their customers' downloads of VOD content." (Id. ¶ 23.) Plaintiff further asserts that "Defendants are using the same or common methods and series of transactions in connection with their Infringing Products and Services." (Id. ¶ 24.)

Plaintiff's Complaint brings two claims against Defendants: direct and induced infringement of the '336 Patent in violation of 35 U.S.C. §§ 271(a)-(b). (Compl. ¶¶ 28-34.)

## STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as

true. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783
(9th Cir. 2012). The complaint must contain sufficient factual
matter accepted as true to "state a claim to relief that is
plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
(2007)). "The plausibility standard . . . asks for more than a
sheer possibility that a defendant has acted unlawfully. Where a
complaint pleads facts that are 'merely consistent with' a
defendant's liability, it 'stops short of the line between
possibility and plausibility of entitlement to relief.'" Iqbal,
556 U.S. at 678 (quoting Twombly, 550 U.S. at 556-57). However,
in considering a motion to dismiss, "the court is not deciding
whether a claimant will ultimately prevail but rather whether the
claimant is entitled to offer evidence to support the claims
asserted." Tedder v. Deutsche Bank Nat. Trust Co., 863 F. Supp.
2d 1020, 1030 (D. Haw. 2012) (citing Twombly, 550 U.S. at 563 n.
8).

Should a claim be dismissed, the court should grant
leave to amend "even if no request to amend the pleading was
made, unless it determines that the pleading could not be cured
by the allegation of other facts." OSU Student Alliance v. Ray,
699 F.3d 1053, 1079 (9th Cir. 2012).

## DISCUSSION

At issue is (1) whether Plaintiff's claims for inducing

infringement are adequately pled under Rule 12(b)(6) and (2) whether the claims against TWC should be severed from the claims against HTI pursuant to 35 U.S.C. § 299. The Court will address these issues in turn.

**I.     Whether Plaintiff's Claims for Inducing Infringement Are Adequately Pled Under Rule 12(b)(6)**

Plaintiff alleges that Defendants are liable for induced infringement under 35 U.S.C. § 271(b). That statute provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To state a viable claim for induced infringement, a plaintiff must allege facts showing that the defendant "specifically intended [a third party] to infringe the [plaintiff's] patent and knew that the [third party's] acts constituted infringement." In re Bill of Lading Transmission & Processing Sys. Patent Litigation, 681 F.3d 1323, 1339 (Fed. Cir. 2012); see also Global-Tech Appliances, Inc. v. SEB S.A., 131 S.Ct. 2060, 2068 (2011) (holding that induced infringement claim requires both "knowledge of the existence of the patent that is infringed" and "knowledge that the induced acts constitute patent infringement"). In addition, the Supreme Court recently clarified that "inducement liability may arise if, but only if, [there is] . . . direct infringement." Limelight Networks, Inc. v. Akamai Technologies, Inc., 134 S.Ct. 2111, 2117 (2014).

The Federal Circuit has held that the pleading standard

6

set forth in <u>Twombly</u> and <u>Iqbal</u> applies to indirect patent infringement claims, including those for induced infringement. <u>See</u> <u>Superior Industries, LLC v. Thor Global Enterprises Ltd.</u>, 700 F.3d 1287, 1295 (Fed. Cir. 2012); <u>In re Bill of Lading</u>, 681 F.3d at 1336-37. Thus, although a plaintiff need not "allege facts that prove all aspects of its claims, or at the very least make those claims probable," <u>id.</u> at 1341, an induced infringement claim will not survive a 12(b)(6) motion to dismiss where the plaintiff "does not allege any facts to support a reasonable inference that [the defendant] specifically intended to induce infringement of the [patent-at-issue] or that it knew it had induced acts that constitute infringement." <u>Superior Industries</u>, 700 F.3d at 1296.

Here, Plaintiff alleges in a vague and conclusory manner that Defendants "have directly infringed or induced infringement of one or more claims of the '336 [P]atent by others, in violation of 35 U.S.C. §§ 271(a) and/or (b)." (Compl. ¶ 32.) In equally vague and conclusory terms, Plaintiff further alleges that

> Defendants, either alone or with others known and unknown to the Plaintiff have caused, urged, encouraged and/or aided the induced infringement of the claims of the '336 [P]atent. BBiTV is informed and believes, and on that basis alleges, that the Defendants have directly infringed or induced infringement and will continue to directly infringe upon or induce infringement of one or more of the claims of the '336 [P]atent by

> the use, offer for sale, and sale of the
> Infringing Products and Services unless this
> Court enjoins the Defendants' infringing
> activities.

(<u>Id.</u> ¶ 33.)

    As Defendants point out, Plaintiff's Complaint does not

state "who was induced to infringe or what infringing conduct was

induced." (Mot. at 10.) Plaintiff's Complaint also fails to

allege facts showing that Defendants specifically intended to

encourage third parties to infringe the '336 Patent[6] or knew

that the third parties' conduct constituted infringement. <u>See</u> <u>In</u>

<u>re Bill of Lading</u>, 681 F.3d at 1339. Indeed, Plaintiff does not

---

[6]Courts have found the "specific intent" element satisfied
where the complaint alleged facts as to how the defendant used
advertising to encourage its customers to infringe the patent-at-
issue. <u>See</u>, <u>e.g.</u>, <u>Clouding IP, LLC v. Rackspace Hosting, Inc.</u>,
C.A. No. 12-675-LPS, 2014 WL 495752, at *3 (D. Del. Feb. 6, 2014)
("The Second Amended Complaint also alleges specific intent
through its factual allegations regarding advertising, such as:
'Rackspace markets and promotes, e.g., through its <u>website and
sales personnel, the use of its pay-per-use products and services</u>
that infringe the patent when used as intended by Rackspace's
customers and end-users.") (emphasis in original). Courts have
also found the specific intent element met where the complaint
alleged facts regarding the nature of the contractual
relationship between the defendants and the direct infringers.
<u>See</u>, <u>e.g.</u>, <u>Advanced Optical Tracking, LLC v. Koninklijke Phillips
N.V.</u>, Civ. Action No. 12-1292-LPS-CJB, 2013 WL 4786463 (D. Del.
Sept. 9, 2013), report and recommendation adopted sub nom.
<u>Advanced Optical Tracking, LLC v. Koninklijke Phillips
Electronics N.V.</u>, CV 12-1292-LPS-CJB, 2013 WL 5486857, at *5 (D.
Del. Sept. 30, 2013) ("And here, the allegations as to the nature
of the contractual relationship between Defendants and the direct
infringers - by which Defendants are alleged to, in essence,
intentionally require these third parties to infringe or face the
risk of violating certain contracts - are concrete and of the
kind that could plausibly satisfy the element of specific
intent").

even use the terms "knowingly induced" or "specific intent," or variations thereof, when describing its induced infringement claims.

Both the Federal Circuit and various federal district courts have dismissed induced infringement claims suffering from pleading deficiencies similar to those found in the instant Complaint. <u>See</u> <u>Superior Industries</u>, 700 F.3d at 1296 ("Similarly, Superior does not allege any facts to support a reasonable inference that Thor specifically intended to induce infringement of the '231 Patent or that it knew that it had induced acts that constitute infringement"); <u>Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co., Ltd.</u>, No. 4:13-CV-01043 SPM, 2014 WL 2481135, at *3 (E.D. Mo. June 3, 2014) ("The only allegations that relate to Defendants' knowledge or intent are those in which Emerson states, in a wholly conclusory fashion, that Defendants have 'knowingly contributed to or induced one or more acts of direct infringement.'"); <u>Richmond v. Lumisol Elec. Ltd.</u>, Civil Action No. 13-1944(MLC), 2014 WL 1405159, at *3 (D. N.J. Apr. 10, 2014) (granting motion to dismiss induced infringement claims because "Plaintiff ha[d] not alleged facts supporting induced infringement beyond references lumped in with his direct infringement allegations stating that Defendants 'and/or have induced' and 'and/or knowingly induce' others to infringe his patents"); <u>and</u> <u>PB&J Software, LLC v. Acronis, Inc.</u>, 897 F.Supp.2d

815, 817, 820-21 (E.D. Mo. 2012) (dismissing plaintiff's induced

infringement claims where the plaintiff alleged that the

defendant was "infringing [and] inducing others to infringe" and

that the defendant's activities included "making, using,

importing, selling, and/or offering products and services";

concluding that these allegations did not contain facts plausibly

showing that the defendant specifically intended others to

infringe or knew that the others' acts constituted infringement);

see also Iqbal, 556 U.S. at 678 ("[A] pleading that offers

'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'") (quoting Twombly,

550 U.S. at 555).

Plaintiff relies extensively on Advanced Optical, 2013

WL 4786463 (D. Del. Sept. 9, 2013), in arguing that its Complaint

sufficiently alleges that Defendants had the requisite specific

intent. (Opp. at 4-7.) Advanced Optical sets out a three-part

test for determining whether a complaint adequately alleges the

specific intent element of an induced infringement claim:

> [T]his Court has found intent to be
> sufficiently pled in circumstances where
> plaintiff: (1) provided the defendant with
> written notice that certain accused products
> infringed the patent-in-suit; (2) identified
> the general group of direct infringers who
> were asserted to have infringed the patent;
> and (3) set out facts explaining how the
> defendant was alleged thereafter to have
> interacted with those direct infringers in a
> way that would prompt the reasonable
> inference that defendant encouraged the

> direct infringer to continue to infringe the
> patent.

Id. at *4.

Even assuming the first element of Advanced Optical's three-part test is satisfied, Plaintiff fails to "identif[y] the general group of direct infringers who [are] asserted to have infringed the patent." Id. In its Opposition brief, Plaintiff appears to assert that TWC and HTI customers are direct infringers of the '336 Patent. (See Opp. at 6-7.)[7] However, Plaintiff stated at the October 27 hearing that, contrary to the assertion in its Opposition brief, Plaintiff does not claim that TWC and HTI customers perform every step of the claimed method and Plaintiff does not claim these customers are direct infringers of the '336 Patent.[8] Plaintiff has not provided any

_____

[7]The Court observes that TWC and HTI customers are not named defendants in the instant suit.

[8]Also, at the October 27 hearing, the parties appeared to dispute the significance of the Supreme Court's recent decision in Limelight Networks, Inc. v. Akamai Technologies, Inc., 134 S.Ct. 2111 (2014). The Supreme Court in Limelight cited to the Federal Circuit's decision in Muniauction v. Thomson, 532 F.3d 1318 (Fed. Cir. 2008), which held that direct infringement requires a single party to perform every step of a claimed method. The Supreme Court stated that "[a]ssuming without deciding that the Federal Circuit's holding in Muniauction is correct, there has simply been no infringement of the method in which the respondents have staked out an interest, because the performance of all the patent's steps is not attributable to any one person." Limelight, 134 S.Ct. at 2117. Because direct infringement had not occurred, there could be no liability for inducing infringement. Id. It appears that Limelight is of limited applicability to the instant case. Unlike in Limelight,
(continued...)

11

further allegations as to whom the general group of direct
infringers are for purposes of its induced infringement claim.
Accordingly, even assuming <u>Advanced Optical</u> provides the
appropriate standard for determining whether a plaintiff
sufficiently alleges the specific intent element of an induced
infringement claim, Plaintiff fails to meet the second element of
the three-part test outlined in that case.

As a final matter, the Court notes that Plaintiff has
attached three exhibits to its Opposition. (<u>See</u> Opp. Exs. A-C.)
To the extent Plaintiff requests that the Court consider these
exhibits in determining whether its inducement infringement
claims are sufficiently pled,[9] the Court declines to do so. As a
general rule, a court may not consider any material beyond the
pleadings without converting a Rule 12(b)(6) motion into a motion
for summary judgment. <u>See Lee v. City of Los Angeles</u>, 250 F.3d
668, 688 (9th Cir. 2011). The Ninth Circuit has found an
exception to this rule and allowed consideration of certain
documents not attached to a plaintiff's complaint under the

---

[8]/(...continued)
the parties have not addressed whether any one party has
committed direct infringement of the '336 Patent because
Defendants' motion seeks to dismiss Plaintiff's induced
infringement claims, and not its direct infringement claims.

[9]/Plaintiff states that Exhibits A to C "are not offered as
factual support in opposition to the 12(b)(6) motion." (Opp. at 9
n. 2.) However, in an abundance of caution, the Court will
address whether it can consider these exhibits in determining
whether its inducement infringement claims are sufficiently pled.

12

"incorporation by reference" doctrine. See Knievel v. ESPN, 393

F.3d 1068, 1076 (9th Cir. 2005). However, that doctrine only

applies if the complaint actually refers to the documents. Id. In

this case, Plaintiff's Complaint does not refer to the documents

contained in Exhibits A to C of Plaintiff's Opposition and,

therefore, the Court will not consider them and convert the

instant motion into a motion for summary judgment.

In sum, Plaintiff has not adequately alleged that

Defendants induced infringement of the '336 Patent. Because the

Court concludes that amendment of the Complaint would not be

futile, Plaintiff's induced infringement claims are dismissed

without prejudice and with leave to amend. See OSU Student

Alliance, 699 F.3d at 1079.

## II.      Whether the Claims Against TWC Should Be Severed from the Claims Against HTI Pursuant to 35 U.S.C. § 299

Prior to September 16, 2011, joinder in patent cases

was governed by Federal Rule of Civil Procedure 20. See In re EMC

Corp., 677 F.3d 1351, 1356 (Fed. Cir. 2012).[10/] However, on

September 16, 2011, Congress enacted the America Invents Act

("AIA"), which, inter alia, altered the standard for joinder in

---

[10/]Under Rule 20, "Defendants may be joined in a single
action only if [] two independent requirements . . . are
satisfied: (1) the claims against them must be asserted 'with
respect to or arising out of the same transaction, occurrence, or
series of transactions or occurrences,' and (2) there must be a
'question of law or fact common to all defendants.'" In re EMC
Corp., 677 F.3d 1351, 1356 (Fed. Cir. 2012) (quoting Fed. R. Civ.
P. 20(a)(2)).

patent suits. Leahy-Smith America Invents Act, Pub. L. No. 112-29, sec. 19(d), § 299, 125 Stat. 284, 332-33 (2011) (codified at 35 U.S.C. § 299). Section 299 of the AIA sets a more stringent standard for joinder in patent cases and prohibits joinder unless the claimed infringement by each defendant arises out of the same transaction relating to infringement by the same accused product:

> **(a) Joinder of accused infringers.**-- With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if--
>
> **(1)** any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> **(2)** questions of fact common to all defendants or counterclaim defendants will arise in the action.
>
> **(b) Allegations insufficient for joinder.**-- For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

35 U.S.C. § 299.

The Federal Circuit has not provided guidance on how to interpret and apply the AIA's joinder provision. However, several

federal district courts have interpreted and applied § 299
similarly.[11/]

      "Generally speaking, district courts have found that
the presence, in an infringement action, of multiple defendants
competing at the same level in the stream of commerce - for
example two defendants both manufacturing accused products who
are competitors and not acting in concert - would result in
misjoinder under § 299 because they would not satisfy the same
transaction or occurrence requirement." <u>Richmond v. Lumisol Elec.
Ltd.</u>, Civil Action No. 13-1944 (MLC), 2014 WL 1716447, at *3 (D.
N.J. Apr. 30, 2014) (citing <u>MGT Gaming, Inc. v. WMS Gaming, Inc.</u>,
978 F.Supp.2d 647, 659-60, 662-63 (S.D Miss. 2013) (finding that
manufacturers of casino gaming machines, who did not have any
relationship with respect to the design, manufacture, or
distribution of their respective gaming machines, could not be
joined under § 299 because they were direct competitors; and
finding that casino operators, who also were not acting in
concert, could not be joined under § 299 because they were direct
competitors); <u>Digitech Image Technologies, LLC v. Agfaphoto</u>

---

[11/]This district court has not applied the AIA's joinder
provision. In fact, only one case from this district has even
cited 35 U.S.C. § 299. <u>See</u> <u>GPNE Corp. v. Amazon, Inc.</u>, Civ. No.
11-00426 SOM-RLP, 2012 WL 9503579, at *2 (D. Haw. Mar. 9, 2012)
<u>aff'd</u>, 2012 WL 1656923 (D. Haw. May 9, 2012). The <u>GPNE</u> court did
not apply § 299 because the subject suit was filed two months
before the AIA was enacted, and the AIA does not apply
retroactively. <u>Id.</u>

<u>Holding GmbH</u>, No. 8:12-cv-1153-ODW(MRWx), 2012 WL 4513805, at *3
(C.D. Cal. Oct. 1, 2012) (holding that defendant camera
manufacturers should be severed based on status as competitors
and their independent participation in commerce stream); <u>Omega
Patents, LLC v. Skypatrol, LLC</u>, No. 11-24201-KMM, 2012 WL
2339320, at *2 (S.D. Fla. June 19, 2012) (concluding that
competitor manufacturers of vehicle tracking products could not
be joined under § 299 because "same occurrence or transaction"
requirement not satisfied)); <u>see also</u> <u>Fujitsu Ltd. v. Belkin
Intern., Inc.</u>, No. 10-cv-03972-LHK, 2012 WL 6096664, at *4 (N.D.
Cal. Dec. 7, 2012) (finding that defendants who are competitors
and not "joint venturers" should be severed for misjoinder under
the AIA).

"In contrast, multiple defendants operating at
different levels in the same stream of commerce – for example,
one manufacturer defendant (the upstream defendant) and one
retailer defendant (the downstream defendant) – can be properly
joined pursuant to § 299 where the upstream defendant provides
the product to the downstream defendant." <u>Richmond</u>, 2014 WL
1716447, at *3 (citing <u>MGT Gaming</u>, 978 F.Supp.2d at 660-61; <u>Omega
Patents</u>, 2012 WL 2339320, at *2).

This Court agrees with those district courts which have
held that competitors cannot be joined in a patent infringement
suit under § 299 where they are not alleged to have conspired or

acted in concert. See, e.g., Richmond, 2014 WL 1716447, at *5;

MGT Gaming, 978 F.Supp.2d at 659-60, 662-63; Digitech Image, 2012

WL 4513805, at *3; Omega Patents, 2012 WL 2339320, at *2;

Fujitsu, 2012 WL 6096664, at *4. The Richmond court explained the

reasoning underlying this approach:

> Logically, competitors, absent a conspiracy,
> are not part of the same transaction. For
> example, where the same manufacturer sells
> the same accused product to two importers who
> then sell to the same retailer, there are
> multiple streams of commerce and multiple
> transactions: (1) manufacturer A to importer
> A to retailer A; and (2) manufacturer A to
> importer B to retailer A. The two importers –
> who are competitors – are not part of the
> "same transaction," as demonstrated by this
> example.

Richmond, 2014 WL 1716447, at *5.

In this case, TWC and HTI are competitor cable

television operators.[12] Because TWC and HTI are not alleged to

have acted in concert or conspired together, see generally

Compl., the claimed infringement by TWC and HTI does not "aris[e]

out of the same transaction [or] occurrence." See 35 U.S.C. §

299. Accordingly, consistent with the federal district court

decisions cited above, an infringement action against TWC and HTI

would result in misjoinder because joinder of TWC and HTI would

not satisfy the "same transaction [or] occurrence" requirement of

---

[12]At the hearing regarding the instant motion, Plaintiff
acknowledged that TWC and HTI are competitor cable television
operators.

§ 299.[13/]

In reaching its conclusion that the claims against TWC and HTI must be severed pursuant to § 299, the Court recognizes that Plaintiff's Complaint alleges (albeit in conclusory fashion) that Defendants use the same systems and methods to infringe on the '336 Patent:

> Both Defendant Time Warner and Defendant Hawaiian Telcom utilize the same systems and methods in connection with their use and implementation of the accused systems and they have been, and are, utilizing the same methods and series of transactions in connection [with] their customers' downloads of VOD content.
>
> Defendants are using the same or common methods and series of transactions in connection with their Infringing Products and Services.

Compl. ¶¶ 23-24. Leaving aside the fact that Plaintiff fails to define what those "same systems and methods" are, allegations that Defendants were infringing on the same product, system, or method is insufficient alone to satisfy the demands of § 299. That statute prohibits joinder unless the claimed infringement by each defendant "arise[s] out of the <u>same transaction</u> [or] <u>occurrence</u> . . . relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process." 35 U.S.C. § 299 (emphasis added). As

---

[13/]The Court notes that Plaintiff does not allege that TWC and HTI are jointly and severally liable.

explained, the same transaction-or-occurrence requirement is not met because TWC and HTI are competitors, and there are no allegations that they acted in concert or conspired together.

Plaintiff makes several arguments in favor of joinder, none of which the Court finds persuasive.

First, Plaintiff argues that the Complaint readily meets the requirements for joinder under the standard set forth in Microunity Systems Engineering, Inc. V. Acer, Inc., No. 2:10-CV-91-TJW-CE, 2011 WL 4591917 (E.D. Tex. Sep. 30, 2011). (Opp. at 13-16.) In Microunity, the court stated that Rule 20's requirement that the claims against the multiple defendants arise out of "same transaction, occurrence, or series of transactions or occurrences" can be satisfied "if there is some connection or logical relationship between the various transactions or occurrences." Id. at *3. "A logical relationship exists if there is some nucleus of operative facts or law." Id.

In Rudd v. Lux Products Corp., the United States District Court for the Northern District of Illinois identified the standard outlined in Microunity as the minority approach followed by federal courts in the Eastern District of Texas. Civ. Action No. 09-cv-6957, 2011 WL 148052, at *2 (N.D. Ill. Jan. 12, 2011). The Rudd court held that the Eastern District of Texas's approach "eviscerates the same transaction or occurrence requirement and makes it indistinguishable from the requirement

19

that there be a common question of law or fact." <u>Id.</u> As such, the <u>Rudd</u> court "follow[ed] the prevailing approach of [the Northern District of Illinois] and numerous others that have concluded that a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent." <u>Id.</u> at *3.

The legislative history to § 299 expressly states that the statute was enacted to "abrogate[] the construction of Rule 20(a) adopted" by courts in the Eastern District of Texas in favor of the majority view as expressed in <u>Rudd</u>. See H.R. Rep. No. 112-98, pt. 1, at 55 n. 61. Thus, Plaintiff's reliance on <u>Microunity</u> is misplaced.

Plaintiff also argues that "TWC's allegedly infringing actions stem from the 'same transaction, occurrence, or series of transactions or occurrences' as HTI's allegedly infringing actions" because "both TWC and HTI utilize the Comcast Media Center (CMC) to process and deliver VOD content to customers." (Opp. at 14-15) (citing Compl. ¶¶ 22-24.) Nowhere in the Complaint does Plaintiff use the term "Comcast Media Center", let alone describe the system or method by which TWC and HTI deliver VOD content to customers. Accordingly, Plaintiff's argument is

unconvincing.[14]

Finally, Plaintiff argues that joining TWC and HTI in this action serves the interests of judicial efficiency. (Opp. to at 15.) "[A] decision to consolidate cases for judicial efficiency may 'circumvent[] the purpose of the newly enacted joinder restrictions' under Section 299." MGT Gaming, 978 F.Supp.2d at 660 (quoting GameTek LLC v. Gameview Studios, No. 12-cv-00499 BEN(RRB), 2012 WL 6042917, at *3 (S.D. Cal. Dec. 4, 2012)). Additionally, since TWC and HTI are competitors in the cable TV market, joinder may be inappropriate in this case given that "sensitive and confidential information" is "likely [to] be revealed in discovery in this matter." Richmond, 2014 WL 1716447, at *6. Thus, the Court declines to deny Defendants' motion for misjoinder on the basis of judicial efficiency.

In sum, under the allegations set forth in Plaintiff's Complaint, the claims against TWC and the claims against HTI should be severed pursuant to 35 U.S.C. § 299. Nevertheless, the Court grants Plaintiff leave to amend its Complaint should Plaintiff continue to pursue joinder of TWC and HTI in this case.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss Plaintiff's Claims for Inducing Infringement Pursuant

---

[14]The Court notes that HTI asserts that it does not use the Comcast Media Center. (Reply at 7 n. 5.)

to Rule 12(b)(6) and to Sever for Misjoinder Under 35 U.S.C. § 299.

Plaintiff's induced infringement claims are dismissed without prejudice and with leave to amend. Plaintiff has thirty (30) days from the issuance of this Order to file an amended complaint. If Plaintiff fails to do so, the Court will dismiss Plaintiff's induced infringement claims.

Further, the Court finds that, under the factual allegations presented in the instant Complaint, the claims against TWC should be severed from the claims against HTI. However, the Court grants Plaintiff leave to amend the Complaint should Plaintiff continue to pursue joinder of TWC and HTI in this case. Again, Plaintiff has thirty (30) days from the issuance of this Order to file an amended complaint.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, October 30, 2014.



_Alan C. Kay_
Alan C. Kay
Senior United States District Judge

Broadband iTV, Inc. v. Hawaiian Telcom, Inc. et al., Civ. No. 14-00169 ACK-RLP: ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INDUCING INFRINGEMENT PURSUANT TO RULE 12(B)(6) AND TO SEVER FOR MISJOINDER UNDER 35 U.S.C. § 299

22