IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BROADBAND iTV, INC., | ) | CIVIL NO. 14-00169 ACK-RLP |
| | ) | |
| Plaintiff, | ) | Consolidated with |
| | ) | CIVIL NO. 15-00131 ACK-RLP |
| vs. | ) | |
| | ) | FINDINGS AND RECOMMENDATION TO |
| HAWAIIAN TELCOM, INC.; | ) | (1) GRANT IN PART AND DENY IN |
| OCEANIC TIME WARNER CABLE, | ) | PART DEFENDANT HAWAIIAN TELCOM, |
| LLC; TIME WARNER CABLE, INC., | ) | INC.'S MOTION FOR TAXATION OF |
| | ) | COSTS; AND (2) GRANT IN PART |
| Defendants. | ) | AND DENY IN PART DEFENDANTS |
| | ) | OCEANIC TIME WARNER CABLE, LLC |
| | ) | AND TIME WARNER CABLE, INC.'S |
| _____ | ) | MOTION FOR TAXATION OF COSTS |

FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY
IN PART DEFENDANT HAWAIIAN TELCOM, INC.'S MOTION FOR
TAXATION OF COSTS; AND (2) GRANT IN PART AND DENY IN
PART DEFENDANTS OCEANIC TIME WARNER CABLE, LLC AND
TIME WARNER CABLE, INC.'S MOTION FOR TAXATION OF COSTS[1]

Before the Court is  (1) Defendant Hawaiian Telcom,

Inc.'s Motion for Taxation of Costs; and (2) Defendants Oceanic

Time Warner Cable, LLC and Time Warner Cable, Inc.'s

(collectively the "TWC Defendants") Motion for Taxation of Costs,

both filed on October 27, 2015.  See ECF Nos. 785, 787.

Plaintiff filed Oppositions to both Motions for Taxation of Costs

on November 6, 2015.  ECF Nos. 795, 796.  Defendants filed their

Replies on November 12, 2015.  ECF Nos. 798, 799.  These matters

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

are suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After a review of the parties' submissions and the relevant authority, the Court FINDS AND RECOMMENDS that the Motions for Taxation of Costs be GRANTED IN PART and DENIED IN PART.

<u>ANALYSIS</u>

On September 29, 2015, the Clerk entered judgment in favor of Defendants based on the court's orders granting Defendants' motions for summary judgment.  <u>See</u> ECF Nos. 775, 776, 777.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The costs that the court is authorized to tax under Rule 54(d)(1) are enumerated at 28 U.S.C. § 1920:

> 1. Fees of the clerk and marshal;
>
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3. Fees and disbursements for printing and witnesses;
>
> 4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> 5. Docket fees under section 1923 of this title;

> 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff concedes that Defendants are the prevailing parties in this action.  See ECF Nos. 795, 796.  In their Motions for Taxation of Costs Defendant Hawaiian Telcom requests $52,733.87 and the TWC Defendants request $100,086.86.  See ECF Nos. 785, 787.  Plaintiff's objections to the Motions for Taxation of Costs are addressed below.

## I.   Defendant Hawaiian Telcom's Motion

Plaintiff challenges five categories of fees requested by Defendant Hawaiian Telcom.  See ECF No. 795.

### A.   Deposition Transcript Fees for Unnecessary Witnesses

First, Plaintiff asserts that the costs requested by Defendant Hawaiian Telcom for deposition transcript fees for unnecessary witnesses should be denied.  ECF No. 795 at 4-6. Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2); see also LR 54.2(f)(2).  Local Rule 54.2(f)(2) states that the deposition need not be used at trial or introduced in evidence, but only that at the time it was taken "it could reasonably be expected that the deposition would be used for trial preparation,

rather than mere discovery." LR 54.2(f)(2).

Plaintiff challenges the deposition transcript costs for its former employees and associates: Eric Tom, Art Monk, and Richard Tillotson. See ECF No. 795 at 4-5. Plaintiff contends that Defendant Hawaiian Telcom has failed to explain how information from these individuals related to the claim in this case as opposed to being "mere discovery." Id. at 5. Defendant Hawaiian Telcom states that it reasonably believed these deposition transcripts were necessary in light of Mr. Monk's involvement in efforts to monetize the patent-in-suit, Mr. Tom's prior employment as an officer of Plaintiff, and Mr. Tillotson's prior employment with Plaintiff. See ECF No. 785-3 at 4. Based on the information provided by Defendant Hawaiian Telcom, the Court agrees that these deposition transcripts were necessarily obtained for use in this case and were not merely for discovery.

Plaintiff also challenges the fees for the depositions of the employees and experts of the TWC Defendants: Mike LaJoie, Andrew Brown, Mike Adams, Gregory Leonard, and Branko Gerovac. ECF No. 795 at 5. Plaintiff asserts that these depositions were not necessary for Defendant Hawaiian Telcom's trial because Defendant Hawaiian Telcom severed its case from the TWC Defendants' case on the basis that the companies used different technology, presented discrete claims and defenses, and engaged their own experts. Id.

4

After reviewing the information provided by the parties, the Court finds that the deposition transcripts of Mike LaJoie and Gregory Leonard were necessarily obtained for use in this case.  As to Mike LaJoie, Defendant Hawaiian Telcom states that he was an author of prior art systems identified by Hawaiian Telcom and Hawaiian Telcom examined Mr. LaJoie during his deposition.  See ECF No. 785-1 at 10.  As to Gregory Leonard, the TWC Defendants' damages expert, Defendant Hawaiian Telcom states that Plaintiff's damages expert based his damages calculations for Hawaiian Telcom on the results of his calculations for the TWC Defendants and, therefore, the TWC Defendants' damages expert's testimony was relevant to Defendant Hawaiian Telcom. See ECF No. 799 at 6-7.

However, the Court finds that the transcripts of the depositions of Mike Adams and Branko Gerovac were not necessarily obtained for use in this case.  As to Mike Adams, although Defendant Hawaiian Telcom states that he was an author of a prior art reference, there is no indication that Defendant Hawaiian Telcom attended Mr. Adam's deposition or examined him.  This indicates that Mr. Adam's deposition was not necessary for Defendant Hawaiian Telcom's claims or defenses in this litigation.  As to Branko Gerovac, although Mr. Gerovac might have provided opinion testimony about prior art references relied on by Defendant Hawaiian Telcom, Mr. Gerovac was not identified

by Defendant Hawaiian Telcom as an expert witness in this case. Accordingly, the Court finds that the costs for these depositions ($1,710.15 for Mike Adams; $2,546.00 for Branko Gerovac) were not necessary and should not be taxed.  Additionally, because Defendant Hawaiian Telcom withdrew its request for costs related to the deposition of Andrew Brown in its Reply, <u>see</u> ECF No. 799 at 6 n.2, the Court also finds that these costs of $1,298.95 are not taxable.

**B.   Expedited, Rough, Condensed, and Video Deposition Transcript Costs**

Second, Plaintiff argues that the costs requested for expedited, rough, condensed, and video deposition transcripts are improper.  ECF No. 795 at 6-10.  Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Local Rule 54.2(f)(2) specifies that "[t]he cost of a stenographic and/or video <u>original</u> and <u>one copy</u> of any deposition transcript necessarily obtained for use in the case is allowable."  LR54.2(f)(2)(emphasis added).

**1.  Video Transcripts**

Plaintiff challenges the costs for the video transcripts of Plaintiff's expert witnesses and one of Defendant's expert witnesses.  ECF No. 795 at 7.  As noted above, Local Rule 54.2(f)(2) provides that the costs of a stenographic <u>and</u> video original are allowable if they are necessarily obtained

6

for use in the case.  LR54.2(f)(2).  In its Reply, Defendant

Hawaiian Telcom withdrew its request for $515.00 in costs for a

copy of the video deposition of its own damages expert, Jesse

David.  See ECF No. 799 at 8 n.3.  The Court finds that the video

transcripts of Plaintiff's expert witnesses were necessarily

obtained for use in this case because they could have been used

by Defendant Hawaiian Telcom for impeachment purposes at trial.

Accordingly, the Court finds that the requested costs for the

video transcripts for Joel Williams, Chris Leisner, and David

Wachob are taxable.

### 2.  Multiple Copies of Transcripts

Plaintiff acknowledges that the costs for the originals

and one copy of the transcript are taxable, but challenge

Defendant Hawaiian Telcom's request for multiple copies of the

deposition transcripts for the fourteen witnesses addressed

below.

For Eric Tom, Defendant Hawaiian Telcom requests costs

for "Original and 1 Certified Copy," "Rough Draft," "Livenote,"

"Video Pages," and "Videotape Services."  ECF No. 785-4 at 4-5.

The Court finds that the costs for the "Original and 1 Certified

Copy" and the costs for the "Video Pages" and "Videotape

Services" are taxable as the "original" and "one copy" allowed

under the Local Rule.  However, the costs requested for the rough

draft, $189.00, and the Livenote, $220.50, are not taxable

because these additional copies of the transcript are not allowed under Local Rule 54.2 or Section 1920(2).

For Art Monk, Defendant Hawaiian Telcom requests costs for "1 Certified Deposition," "Realtime," and "Immediate Rough ASCII." ECF No. 785-4 at 4-5. Costs for an original and one copy are taxable, but the costs for the additional "Immediate Rough ASCII" copy of $412.50 is not taxable.

For Bruce Main, Defendant Hawaiian Telcom requests costs for "Transcript Copy" and "Rough Draft ASCII," see ECF No. 785-4 at 7, both of which the Court finds are taxable. As noted above, the Local Rule allows for the costs of an original and one copy to be taxed. LR54.2(f)(2). Here, Defendant Hawaiian Telcom is requesting costs for two copies instead of one original and one copy. Because the Local Rule allows for the costs of two transcripts, the Court finds that costs for these two copies are taxable. However, the requested $362.61 in costs for "Expedite - 5-day" is not taxable. See id. "Expedited copies are only taxable, for example, if they were necessary because the transcript was essential for questioning in other depositions to follow, and copies were required very quickly." White v. Sabatino, Civ. Nos. 04-00500 ACK/LEK, 05-00025 ACK/LEK, 2008 WL 4112779, at *4 (D. Haw. Sept. 3, 2008) (citation omitted). Defendant Hawaiian Telcom provides no such information regarding Mr. Main's deposition. Accordingly, the Court finds that the

requested costs for the expedited services are not taxable.

For Tim Aron, Defendant Hawaiian Telcom requests costs for "Transcript Copy" and "Rough Draft ASCII," see ECF No. 785-4 at 9.  As discussed above, because the Local Rule allows for two transcripts, the Court finds that Defendant Hawaiian Telcom's costs for two copies are taxable.

For Joel Williams, Defendant Hawaiian Telcom requests costs for the "Original and 1 Certified Copy of Transcript," "Rough Draft," "Video Pages," and "Videotape Services."  ECF No. 785-4 at 11-12.  The Court finds that the costs for the "Original and 1 Certified Copy" and the costs for the "Video Pages" and "Videotape Services" are taxable.  However, the costs requested for the rough draft, $255.00, are not taxable because this additional copy of the transcript is not allowed under Local Rule 54.2 or Section 1920(2).

For Chris Leisner, Defendant Hawaiian Telcom requests costs for the "Original and 1 Certified Copy of Transcript," "Rough Draft," "Video Pages," "Livenote," and "Videotape Services."  ECF No. 785-4 at 13-14.  The Court finds that the costs for the "Original and 1 Certified Copy" and the costs for the "Video Pages" and "Videotape Services" are taxable under the local rule.  However, the costs requested for the rough draft, $373.50, and Livenote, $435.75, are not taxable because these additional copies of the transcript are not allowed under Local

Rule 54.2 or Section 1920(2).

For David Wachob, Defendant Hawaiian Telcom requests costs for "Original and 1 Certified Copy of Transcript," "Rough Draft," "Video Pages," and "Videotape Services."  ECF No. 785-4 at 15-16.  The Court finds that the costs for the "Original and 1 Certified Copy" and the costs for the "Video Pages" and "Videotape Services" are taxable.  However, the costs requested for the rough draft, $363.00, are not taxable because this additional copy of the transcript is not allowed under Local Rule 54.2 or Section 1920(2).

For Jesse David, Defendant Hawaiian Telcom requests costs for "Transcript Copy," "Realtime," "Rough Draft ASCII," "Expedite – 4-day," and "Video."  ECF No. 785-4 at 17-18.  In its Reply, Defendant Hawaiian Telcom withdraws its request for taxation of costs for the rough draft and video transcript.  <u>See</u> ECF No. 799 at 8 n.3, 11 n.5.  Because those requests have been withdrawn, the Court finds that the costs for the transcript copy and instant streaming copy are allowable.  Regarding, the request for expedited costs, Defendant Hawaiian Telcom states that expedited service was required because the deposition was conducted "less than two weeks before the deadline for filing summary judgment motions" and Defendant Hawaiian Telcom thought that <u>Daubert</u> motions were due only seven days after Dr. David's deposition.  ECF No. 785-1 at 12-13.  Based on the summary

judgment motions deadline, the Court finds that the costs for
expedited service for this deposition are taxable.

For Clifton Kagawa and Milton Diaz Perez, Defendant
Hawaiian Telcom requests costs for "1 Certified Deposition" and
"Immediate Rough ASCII."  ECF No. 785-4 at 19-22.  The Court
finds that these costs are taxable under the Local Rule.  There
is no indication in the invoices that the cost for the
"immediate" rough draft is an expedited charge that requires
additional support.

For Tony Wechselberger, Defendant Hawaiian Telcom
requests costs for "Transcript Copy" and "Rough Draft ASCII."
ECF No. 785-4 at 24.  As with the transcripts discussed above,
the Court finds that Defendant Hawaiian Telcom's costs for two
copies are taxable.

## C.  Discovery Vendor Fees

Third, Plaintiff argues that the costs requested by
Defendant Hawaiian Telcom related to its electronic discovery
vendor are unnecessary and should not be taxed.  ECF No. 795 at
11-12.  Defendant Hawaiian Telcom requests $4,375.00 in costs
related to its electronic discovery vendor.  See ECF No. 785-7 at
2-11.  According to the invoices provided, these fees are for
"discovery services."  See id.  In two invoices, both for
$597.50, the "discovery services" provided are broken down into
"Active Hosting," "Nearline Hosting," and "User Access Fee."  Id.

11

at 9, 11.  In its Motion, Defendant Hawaiian Telcom states that these costs "are for processing the documents collected and produced" by Defendant Hawaiian Telcom.  ECF No. 785-1 at 13. However, the declaration of counsel submitted with the Motion states that these costs were incurred "for services rendered for Hawaiian Telcom for electronic storage of documents and discovery produced by Plaintiff BBiTV in this matter."  See ECF No. 785-3 ¶ 8.

The Ninth Circuit has held that certain costs related to electronic discovery are taxable under Section 1920(4), which allows for taxation of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  See In re Online DVD-Rental Antitrust Litig., 779 F.3d 914, 925-32 (9th Cir. 2015).  However, the Ninth Circuit held that the proper application of Section 1920(4) "requires that the tasks and service for which an award of costs is being considered must be described and established with sufficient specificity, particularity, and clarity as to permit a determination that costs are awarded for making copies."  Id. at 928.  The court specifically stated that "generic statements on the invoices are unhelpful in determining whether those costs are taxable."  Id. (quoting In re Ricoh Co., Ltd. Patent Litig., 661 F. 3d 1361, 1368 (Fed. Cir. 2011)).  Here, the only information provided by Defendant Hawaiian Telcom are "generic statements"

12

that the Ninth Circuit stated were insufficient.  As noted above, the only description on most of the invoices is "discovery services."  See ECF No. 785-7 at 2-11.  The two invoices that include a break down state that those "discovery services" are for "Active Hosting," "Nearline Hosting," and "User Access Fee." Id. at 9, 11.  None of these descriptions indicate that these vendor fees were incurred for making copies.  The conflicting statements provided in Defendant Hawaiian Telcom's Motion and declaration of counsel are similarly deficient because they state that these costs are for "processing" and "electronic storage." See ECF No. 785-1 at 13; ECF No. 785-3 ¶ 8.  The Court finds that the $4,375.00 in costs related to Defendant Hawaiian Telcom's electronic discovery vendor is not taxable.

### D.  Printing Costs

Plaintiff argues that the printing costs requested by Defendant Hawaiian Telcom are unnecessary and excessive.  ECF No. 795 at 12-13.  Defendant Hawaiian Telcom requests $4,522.15 in costs associated with printing documents produced by Plaintiff in discovery in electronic format.  See ECF No. 785-6 at 2-3. Section 1920(4) allows for taxation of costs for "making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Local Rule 54.2(f)(4) requires that the party requesting copying costs submit an affidavit describing the documents copied, the number of pages,

13

the cost per page, and the use of the documents copied. LR54.2(f)(4). Although Defendant Hawaiian Telcom failed to provide an affidavit in compliance with Local Rule 54.2(f)(4), Defendant Hawaiian Telcom's Motion, Reply, and attached vendor invoices provide the necessary information for the Court to assess whether these copies were necessarily obtained for use in the case. The copies at issue are of Plaintiff's document production, consist of 41,583 pages, were charged at $0.10 per page, and were used by Defendant Hawaiian Telcom for document review. See ECF No. 785-6 at 2-3; ECF No. 785-3 at 2; ECF No. 799 at 12. The Court finds that these costs are taxable.

### E. Hearing Transcript and Service of Process Fees

Finally, Plaintiff argues that the costs requested by Defendant Hawaiian Telcom for the summary judgment hearing transcript and service of process fees are not taxable. ECF No. 795 at 13-14.

First, Section 1920(2) provides that costs for "transcripts necessarily obtained for use in the case" are taxable. 28 U.S.C. § 1920(2). The Court disagrees with Plaintiff's statement that a transcript of a hearing is not necessary "when the result of that hearing disposes of the case." See ECF No. 795 at 13. The one case cited by Plaintiff to support that proposition does not state that holding and had denied the requested transcript costs because the possibility of

14

appeal or reconsideration was not definite and no appeal was taken.  See Honolulu Disposal Serv. v. Am. Ben. Plan Adm'rs, Inc., CIVIL NO. 05-00012 JMS/KSC, 2006 U.S. Dist. LEXIS 65087 at *10 (D. Haw. Sept. 12, 2006).  Here, Plaintiff has filed an appeal and, in fact, relies on the hearing transcript in its post-judgment motion to supplement the record.  See ECF Nos. 789, 790.  In these circumstances, the Court finds that the hearing transcript was necessarily obtained for use in this case and the costs are taxable.

Second, Plaintiff contends that the costs requested by Defendant Hawaiian Telcom for service of process fees are not taxable.  See ECF No. 795 at 14.  Local Rule 54.2(f)(1) provides that costs for service of subpoenas are allowable "to the extent they are reasonably required."  LR54.2(f)(2).  Defendant Hawaiian Telcom seeks to recover fees for service of the subpoenas on Leighton Chong and Paul Alston.  See ECF No. 785-8 at 2-3. Plaintiff argues that Defendant Hawaiian Telcom did not take either deposition, which undermines any argument that such subpoenas were "reasonably required."  See ECF No. 795 at 14. The Court agrees and finds Defendant Hawaiian Telcom's arguments to the contrary unpersuasive.  See ECF No. 799 at 13-14.  The Court finds that the $213.28 and $168.09 in costs requested for the service of subpoenas are not taxable because they were not reasonably required.

15

**F.  Total Calculation for Defendant Hawaiian Telcom**

In total, the Court finds that the following costs are taxable:

Fees of the Clerk:  $249.74

Fees for service of subpoenas:  $0.00[2]

Fees for transcripts:  $34,190.90[3]

Fees for printing: $0.00[4]

Fees for copies: $4,522.15

Docket fees: $5.00

Total: $38,967.79.

**II.  The TWC Defendants' Motion**

Plaintiff challenges seven categories of fees requested by the TWC Defendants.  See ECF No. 796.

---

[2] $381.37 requested – $213.28 for service on Leighton Chong – $168.09 for service on Paul Alston = $0.00

[3] $43,200.61 requested – $1,710.15 for the deposition transcript of Mike Adams – $2,543.00 for the deposition transcript of Branko Gerovac – $1,298.95 for costs of the deposition transcript of Andrew Brown withdrawn by Defendant Hawaiian Telcom – $189.00 and $220.50 for the extra copies of the deposition transcript of Eric Tom – $412.50 for the extra copy of the deposition transcript of Art Monk – $362.61 in expedited costs for the deposition transcript of Bruce Main – $255.00 for the extra copy of the deposition transcript of Joel Williams – $373.50 and $435.75 for the extra copies of the deposition transcript of Chris Leisner – $363.00 for the extra copy of the deposition transcript of David Wachob – $330.75 and $515.00 costs related to the deposition of Jesse David withdrawn by Defendant Hawaiian Telcom = $34,190.90

[4] $4,375.00 requested – $4,375.00 for electronic discovery vendor service fees = $0.00

**A.   Deposition Transcript Fees for Unnecessary**

**Witnesses**

First, Plaintiff asserts that the costs requested by the TWC Defendants for deposition transcript fees for unnecessary witnesses should be denied.  ECF No. 796 at 4-6.  Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2); see also LR 54.2(f)(2).  Local Rule 54.2(f)(2) states that the deposition need not be used at trial or introduced in evidence, but only that at the time it was taken "it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."  LR 54.2(f)(2).

Plaintiff challenges the deposition transcript costs for its former employees and associates:  Eric Tom, Richard Tillotson, and David Tumilowicz.  See ECF No. 796 at 4-6. Plaintiff contends that the TWC Defendants have failed to explain how information from these individuals related to the claim in this case as opposed to being "mere discovery."  Id. at 5-6.  The TWC Defendants state that these witnesses provided evidence regarding Plaintiff's attempted development work, which is highly relevant to the date of the patent at issue.  See ECF No. 798 at 9-10.  Based on the information provided by the TWC Defendants, the Court agrees that these deposition transcripts were necessarily obtained for use in this case and were not merely for

17

discovery.

**B.  Expedited, Rough, Condensed, and Video Deposition Transcript Costs**

Second, Plaintiff argues that the costs requested for expedited, rough, condensed, and video deposition transcripts are improper.  ECF No. 796 at 6-11.  Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Local Rule 54.2(f)(2) specifies that "[t]he cost of a stenographic and/or video <u>original</u> and <u>one copy</u> of any deposition transcript necessarily obtained for use in the case is allowable."  LR54.2(f)(2)(emphasis added).

**1.  Video Transcripts**

Plaintiff challenges the costs for the video transcripts of the following individuals:  Milton Diaz, Clifton Kagawa, Art Monk, Bill Sweet, Dyer Matlock, Michael Adams, Gregory Leonard, Branko Gerovac, David Wachob, Joel Williams, and Chris Leisner.  ECF No. 796 at 7-8.  As noted above, Local Rule 54.2(f)(2) provides that the costs of a stenographic <u>and</u> video original is allowable if they are necessarily obtained for use in the case.  LR54.2(f)(2).

First, the TWC Defendants note that they do not request costs for video transcripts for Branko Gerovac, Gregory Leonard, and Michael Adams.  <u>See</u> ECF No. 798 at 11-12.  Rather, the invoice notations reflect that these depositions were videotaped,

but the transcript copy that was requested and received was a
paper copy.  Id.  Accordingly, the Court rejects Plaintiff's
objections for these three deposition transcripts.

Second, Plaintiff's remaining objections relate to the
videotaped depositions of third-party witnesses, Plaintiff's
employee witnesses, and Plaintiff's expert witnesses.  The TWC
Defendants explain that the court reporter service that they used
for depositions charged separately for videotaping and for video
transcripts.  ECF No. 798 at 12.  The TWC Defendants state they
are requesting costs for videotaping many depositions, but are
only requesting costs for the actual video transcript for Mike
LaJoie, Joel Williams, Bill Sweet, Christopher Leisner and David
Tumilowicz.  Id.  Although the TWC Defendants may not have
incurred additional costs for obtaining the actual video
transcript for certain witnesses, the Court considers the TWC
Defendants' request for the costs of videotaping as a request for
costs related to a video transcript under Local Rule 54.2(f)(2).
Because these depositions were of third-party witnesses,
Plaintiff's employee witnesses, and Plaintiff's expert witnesses,
the Court finds that they were necessarily obtained for use in
this case because they could have been used by the TWC Defendants
for impeachment purposes at trial.  Accordingly, the Court finds
that the requested costs for the video transcripts for Milton
Diaz Perez, Clifton Kagawa, Art Monk, Bill Sweet, Dyer Matlock,

David Wachob, Joel Williams, and Chris Leisner are taxable.

## 2. Expedited and Multiple Copies of Transcripts

Plaintiff acknowledges that the costs for the originals and one copy of the transcript are taxable if necessarily obtained for use in the case, but challenges the TWC Defendants' request for multiple copies of the deposition transcripts for sixteen witnesses, each of whom are addressed below.

For Glen Hardin, the TWC Defendants request costs for "Transcript Copy" and "Rough Draft ASCII," see ECF No. 787-4 at 4, both of which the Court finds are taxable. As noted above, the Local Rule allows for the costs of an original and one copy to be taxed. LR54.2(f)(2). Here, the TWC Defendants are requesting costs for two copies instead of one original and one copy. Because the Local Rule allows for the costs of two transcripts, the Court finds that the costs for these two copies are taxable. However, the Court finds that the requested $692.25 in costs for "Expedite - 2-day" is not taxable. As discussed above, expedited costs are taxable only if the requesting party demonstrates that expedited services were necessary because of upcoming litigation deadlines or other reasons. See White, 2008 WL 4112779, at *4. Although expedited transcripts are allowed in certain circumstances, the Court rejects the TWC Defendants' argument that it needed the expedited transcript to oppose a motion for a continuance of certain deadlines filed by Plaintiff.

20

Although the TWC Defendants attached a portion of Mr. Hardin's deposition transcript to their opposition, the TWC Defendants do not quote or specifically reference any testimony from that transcript in their opposition.  Instead, it appears that the deposition transcript was used merely to show that technical documents were produced in discovery.  See ECF No. 198 at 7; ECF No. 198-1 ¶ 11.  The Court finds that this is insufficient to demonstrate that the expedited fees were necessary.  Accordingly, the Court finds that the requested costs for the expedited services are not taxable.

For Eric Tom, the Court rejects Plaintiff's objection to the costs of the rough draft deposition transcript.  See ECF No. 796 at 10.  The invoice provided by the TWC Defendants reflects that there was only one charge for the certified copy and no separate charge for a rough draft.  See ECF No. 787-4 at 8.

For Art Monk, the TWC Defendants request costs for "Original + 1 Certified," "Realtime," "Video," and "Immediate Rough ASCII."  ECF No. 785-4 at 4-5.  The Court finds that the costs for the "Original + 1 Certified" and "Video" are taxable as the originals and copy allowed under the Local Rule.  However, the costs requested for the Realtime transcript, $343.75, and rough draft, $343.75, are not taxable because these additional copies of the transcript are not allowed under Local Rule 54.2 or

21

Section 1920(2).

For Bruce Main, the TWC Defendants request costs for "Transcript Copy" and "Rough Draft ASCII," see ECF No. 787-4 at 4, both of which the Court finds are taxable for the same reasons as discussed above regarding costs for two copies instead of one original and one copy. However, the Court finds that the requested $604.35 in costs for "Expedite - 1-day" is not taxable. The TWC Defendants assert that expedited service was required because of the "compressed deadlines in this case." ECF No. 798 at 14. Specifically, the TWC Defendants assert that an expedited transcript was necessary to prepare and to meet the dispositive motions deadline. Id. Mr. Main's deposition was taken on July 15, 2015, nearly a month before the dispositive motions deadline. See ECF No. 787-4 at 11. Because Mr. Main's deposition was completed weeks before the dispositive motions deadline, the Court finds that the $604.35 charge for one-day expedited service is not taxable.

For Thomas Gonder, the TWC Defendants request costs for "1 Certified Copy" and "Rough Draft ASCII," see ECF No. 787-4 at 14, both of which the Court finds are taxable for the same reasons as discussed above regarding costs for two copies instead of one original and one copy.

For Mike Adams, the TWC Defendants request costs for "Transcript Copy" and "Rough Draft ASCII," see ECF No. 787-4 at

22

15, both of which the Court finds are taxable for the same reasons as discussed above regarding costs for two copies instead of one original and one copy.  The TWC Defendants also request costs for "Expedite 3-day."  Id.  Based on the information provided by the TWC Defendants regarding the timing of Mr. Adams' deposition and the approaching motions deadline, the Court finds that these expedited charges are taxable.

For Gregory Leonard, the TWC Defendants request costs for "Transcript Copy" and "Rough Draft ASCII," see ECF No. 787-4 at 16, both of which the Court finds are taxable for the same reasons as discussed above regarding costs for two copies instead of one original and one copy.

For Milton Diaz Perez, the TWC Defendants request costs for "Original + 1 Certified," "Immediate Rough ASCII," "Realtime," and "Video" for the three days of his deposition. See id. at 17-19.  The Court finds that the costs for the "Original + 1 Certified" and "Video" are taxable as the originals and copy allowed under the Local Rule.  However, the costs requested for the Realtime copy ($392.50, $373.75, and $423.75) and Immediate Rough ASCII ($392.50, $373.75, and $423.75) are not taxable because these additional copies of the transcript are not allowed under Local Rule 54.2 or Section 1920(2).

For Branko Gerovac, the TWC Defendants request costs for "Transcript Copy" and "Rough Draft ASCII," see ECF No. 787-4

23

at 20, both of which the Court finds are taxable for the same reasons as discussed above regarding costs for two copies instead of one original and one copy.  The TWC Defendants also request costs for "Expedite 1-day."  Id.  Based on the information provided by the TWC Defendants regarding the timing of Mr. Gerovac's deposition and the approaching motions deadline, the Court finds that these expedited charges are taxable.

For Clifton Kagawa, David Wachob, Joel Williams, Christopher Leisner, and Dyer Matlock the TWC Defendants request costs for "Original + 1 Certified," "Immediate Rough ASCII," and "Video."  See id. at 21-24, 28, 31, 32.  The Court finds that the costs for the "Original + 1 Certified" and "Video" are taxable as the originals and copy allowed under the Local Rule.  However, the costs requested for the Immediate Rough ASCII are not taxable because this additional copy of the transcript is not allowed under Local Rule 54.2 or Section 1920(2).  The Court finds that the following costs are not taxable:  $331.25 for Mr. Kagawa's transcript; $397.50 for Mr. Wachob's transcript; $346.25 for Mr. Williams' transcript; $310.00 for Mr. Leisner's transcript; and $493.75 for Mr. Matlock's transcript.

For William Sweet, the TWC Defendants request costs for "Original + 1 Certified," "Immediate Rough ASCII," "Realtime," and "Videography Service."  See id. at 26-27.  The Court finds that the costs for the "Original + 1 Certified" and "Videography

24

Service" are taxable as the originals and copy allowed under the Local Rule.  However, the $541.25 in costs for the Immediate Rough ASCII and the $541.25 in costs for the Realtime transcript are not taxable because these additional copies are not allowed under Local Rule 54.2 or Section 1920(2).

For Andrew Brown, the TWC Defendants request costs for "Transcript Copy" and "Rough Draft ASCII," <u>see</u> ECF No. 787-4 at 29, both of which the Court finds are taxable for the same reasons as discussed above regarding costs for two copies instead of one original and one copy.  The TWC Defendants also request costs for "Expedite 3-day."  <u>Id.</u>  Based on the information provided by the TWC Defendants regarding the timing of Mr. Brown's deposition and the approaching motions deadline, the Court finds that these expedited charges are taxable.

### C.  Hearing Transcript Costs

Section 1920(2) provides that costs for "transcripts necessarily obtained for use in the case" are taxable.  28 U.S.C. § 1920(2).  In their Reply, the TWC Defendants withdrew their request for the cost of the summary judgment hearing transcript. <u>See</u> ECF No. 798 at 20 n.9.  Accordingly, the Court finds that the $396.13 of costs withdrawn by the TWC Defendants should not be taxed.

### D.  Printing Costs Related to Richard Tillotson

Plaintiff argues that the copying costs requested by

the TWC Defendants related to documents produced in response to a subpoena issued to Richard Tillotson are unnecessary.  ECF No. 796 at 11-12.  Section 1920(4) allows for taxation of costs for "making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).

As an initial matter, the Court notes that the TWC Defendants provide conflicting statements regarding the copying costs that are requested related to documents received from Richard Tillotson.  According to the declaration of the TWC Defendants' counsel, there are two charges from their electronic discovery vendor in September 2015 related to the production of documents from Richard Tillotson:  $276.76 (creating TIFF images for 27,676 pages at $0.01 per page) and $10,900.00 (creating endorsed TIFF images for 27.25 gigabytes at $400.00 per gigabyte).  See ECF No. 787-3 at 8-9.  However, the declaration provided by the TWC Defendants' vendor states that the charges related to the production of documents from Mr. Tillotson were incurred in August 2015:  $189.19 (creating TIFF images for 18,919 pages at $0.01 per page) and $2,872.00 (creating endorsed TIFF images for 7.18 gigabytes at $400.00 per gigabyte).  See ECF No. 787-15 ¶ 7.  Based on the information before the Court, it appears that the declaration of counsel is incorrect and the charges related to the electronic documents from Mr. Tillotson were incurred in August 2015.  However, regardless of the correct

26

date, the Court finds that the costs were necessary as discussed below.

First, the Court denies Plaintiff's objection based on relevance for the same reasons discussed above regarding the costs for Mr. Tillotson's deposition.  Second, the Court rejects Plaintiff's objection based on a per-page calculation of these costs.  See ECF No. 796 at 11-12.  Although the price per page for this particular electronic production exceeds the $0.15 per-page standard for hard copies set forth in the Local Rules, see LR54.3(f)(4), the TWC Defendants represent that they produced more than 800,000 pages in total, so overall the per-page rate requested for copies in this action is less than $0.04.  See ECF No. 787-15 ¶ 4; ECF No. 798 at 18.  The Court finds that the costs related to the production of documents from Mr. Tillotson are taxable.

### E.  Discovery Vendor Fees

Plaintiff argues that the costs requested by the TWC Defendants related to their electronic discovery vendor are not taxable.  ECF No. 796 at 13.  Specifically, Plaintiff challenges the charges that are reflected in per-gigabyte rates associated with the production of documents because the invoices do not indicate how many pages were produced.  Id.  Certain costs related to electronic discovery are taxable under Section 1920(4), which allows for taxation of "the costs of making copies

of any materials where the copies are necessarily obtained for
use in the case." See In re Online DVD-Rental Antitrust Litig.,
779 F.3d at 925-32.  The TWC Defendants acknowledge that some of
the costs are reflected at a per-gigabyte rate instead of a per-
page rate; however they argue that they produced more than
800,000 pages in total, so overall the per-page rate is less than
$0.04.  See ECF No. 798 at 18; ECF No. 787-3 at 7-9.  Based on
the information provided by the TWC Defendants, the Court finds
that the costs requested related to production of electronic
documents are taxable.  See In re Online DVD-Rental Antitrust
Litig., 779 F.3d at 932 (holding that the district court did not
abuse its discretion in awarding costs of $0.07 per page for TIFF
conversions).

### F.  Fees for Service of Subpoenas and Witness Fees

Plaintiff argues that the costs requested by the TWC
Defendants for fees for service of subpoenas and associated
witness fees for Eric Tom, Richard Tilloston, David Tumilowicz,
Glen Yamashita, and Nicole Nestel are not taxable.  See ECF No.
796 at 14.  Local Rule 54.2(f)(1) provides that costs for service
of subpoenas are allowable "to the extent they are reasonably
required."  LR54.2(f)(2).  Section 1920(3) allows for recovery of
witness fees.  28 U.S.C. § 1920(3).

Regarding Eric Tom, Richard Tilloston, David
Tumilowicz, the Court finds that these fees are taxable because

the subpoenas were reasonably required.  As discussed above, these three witnesses were deposed regarding their prior employment with Plaintiff.  Regarding Glen Yamashita and Nicole Nestel, Plaintiff argues that the TWC Defendants did not take the depositions of these two witnesses, which demonstrates that these two subpoenas were not "reasonably required."  See ECF No. 796 at 14.  The Court agrees and finds the TWC Defendants' arguments to the contrary unpersuasive.  See ECF No. 798 at 19-20.  The Court finds that the $602.50 and $308.50 in costs requested for the service of subpoenas on Mr. Yamashita and Ms. Nestel are not taxable because they were not reasonably required.

The invoices submitted by the TWC Defendants reflect an increased charge for "Emergency Service" or a "Rush Fee" for service of several subpoenas.  See ECF No. 787-6.  Based on the invoices provided by the TWC Defendants' vendor, one vendor charged an extra $50.00 for emergency service.  Compare ECF No. 787-6 at 2, with ECF No. 787-6 at 9.  Another vendor charged an extra $25.00 for "rush" service.  Id. at 23.  Although expedited service may be reasonable under certain circumstances, the TWC Defendants do not provide any explanation regarding why these additional costs were "reasonably required."  See LR54.2(f)(2); see also Muegge v. Aqua Hotels and Resorts, Inc., Civ. No. 09-00614 LEK-BMK, 2014 WL 3723249, at *5 (D. Haw. June 16, 2014) (allowing costs for "rush" service of a complaint because the

29

court directed rush service).  Accordingly, the Court finds that the following extra charges for emergency or rush service are not taxable:  $50.00 related to emergency service on Ericsson, Inc.; $50.00 related to emergency service on Altitude Capital Partners, L.P.; $50.00 related to emergency service on Rembrandt Technologies, LP; $50.00 related to emergency service on Vubiquity, Inc.; $50.00 related to emergency service on Intellectual Ventures Management, LLC; $50.00 related to emergency service on Eric Tom; $50.00 related to emergency service on Art Monk; $50.00 related to emergency service on William Sweet; $25.00 related to rush service on Andre Troner, L.C.; and $25.00 related to rush service on Dyer Matlock.  See ECF No. 787-6 at 9-14, 19-20, 23-24.

### F.  Late Payment Fees

Finally, Plaintiff argues that the additional charges incurred by the TWC Defendants for the late payment of the invoice related to the deposition transcript costs of Clifton Kagawa should not be taxed.  ECF No. 796 at 15.  The TWC Defendants agree and withdrew their request for these fees.  See ECF No. 798 at 20 n.9.  Accordingly, the Court finds that the $307.34 late payment fee related to Mr. Kagawa's deposition transcript is not taxable.

### G.  Total Calculation for the TWC Defendants

In total, the Court finds that the following costs are

30

taxable:

>Fees of the Clerk:   $0.00
>
>Fees for service of subpoenas:   $4,174.30[5]
>
>Fees for transcripts: $55,567.47[6]
>
>Fees for witnesses: $152.56
>
>Fees for copies: $30,797.71
>
>Docket fees: $5.00
>
>Total: $90,697.04.

----

[5] $5,535.30 requested – $602.50 for service on Glen Yamashita – $308.50 for service on Nicole Nestel – $50.00 for emergency service on Ericsson, Inc. – $50.00 for emergency service on Altitude Capital Partners, L.P. – $50.00 for emergency service on Rembrandt Technologies, LP – $50.00 for emergency service on Vubiquity, Inc. – $50.00 for emergency service on Intellectual Ventures Management, LLC – $50.00 for emergency service on Eric Tom ; $50.00 related to emergency service on Art Monk; $50.00 related to emergency service on William Sweet; $25.00 related to rush service on Andre Troner, L.C.; and $25.00 related to rush service on Dyer Matlock = $4,174.30.

[6] $63,596.29 requested – $396.13 for the summary judgment hearing transcript costs that were withdrawn by the TWC Defendants – $692.25 in expedited costs for the deposition transcript of Glen Hardin – $343.75 and $343.75 for the extra copies of the deposition transcript of Art Monk – $604.35 in expedited costs for the deposition transcript of Bruce Main – $392.50, $373.75, $423.75, $392.50, $373.75, and $423.75 for the extra copies of the deposition transcript of Milton Diaz Perez – $331.25 for the extra copy of the deposition transcript of Clifton Kagawa – $307.34 in late payment fees related to the deposition transcript of Clifton Kagawa – $397.50 for the extra copy of the deposition transcript of David Wachob – $346.25 for the extra copy of the deposition transcript of Joel Williams – $310.00 for the extra copy of the deposition transcript of Christopher Leisner – $493.75 for the extra copy of the deposition transcript of Dyer Matlock – $541.25 and $541.25 for the extra copy of the deposition transcript of William Sweet = $55,567.47.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court (1) GRANT Defendant Hawaiian Telcom, Inc.'s request for $38,955.79 in costs and DENY the remaining costs requested; and (2) GRANT Defendants Oceanic Time Warner Cable, LLC and Time Warner Cable, Inc.'s request for $90,697.04 in costs and DENY the remaining costs requested.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 25, 2015.

Richard L. Puglisi
United States Magistrate Judge

**BROADBAND iTV, INC. V. HAWAIIAN TELCOM, INC., ET AL.; CIVIL NO. 14-00169 ACK-RLP; FINDINGS AND RECOMMENDATION TO (1) GRANT IN PART AND DENY IN PART DEFENDANT HAWAIIAN TELCOM, INC.'S MOTION FOR TAXATION OF COSTS; AND (2) GRANT IN PART AND DENY IN PART DEFENDANTS OCEANIC TIME WARNER CABLE, LLC AND TIME WARNER CABLE, INC.'S MOTION FOR TAXATION OF COSTS**